[For opinions, see below, page 554.]

---

## Beaver, Trustee, *v.* Harrisburg, Appellant.

*Eminent Domain—Streets—Agreement with owner—Consequential damages.*

Under an ordinance for widening a street " for street purposes and for an overhead bridge with a side approach," a city appropriated a strip of land on the south side of the street and paid to the owner's agent by agreement a certain sum therefor. When the owner's agent entered into the agreement as to the price, he knew that the land was to be used as an approach for and overhead bridge across the street. The owner also owned the land on the opposite side of the street, by a different title to the land on the south side. The street was a dividing line between two wards. *Held*, by a divided court, that the agreement as to price, between the landowner and the city, as to the land actually appropriated did not estop or prevent the owner from recovering consequential damages for the injury done to his land on the north side of the street by the construction of the bridge.

Argued June 1, 1893. Appeal, No. 11, May T., 1893, by defendant, from judgment of C. P. Dauphin Co., June T., 1892, No. 301, in favor of plaintiff, James A. Beaver, trustee of estate of Margaret H. McAllister, deceased, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

The case stated was as follows:

" The plaintiff is the owner of land in the city of Harrisburg, fronting on Mulberry street, described in the plaintiff's statement filed in this case. The defendant in the year 1890 erected an overhead bridge on Mulberry street, in front of said land as set forth in said statement. The plaintiff has suffered damage and injury to said land by reason of the erection of said bridge,. and the maintenance of the same.

" In the year 1838, A. Boyd Hamilton conveyed to Alex. Hamilton a certain lot or piece of ground containing nine acres and fifty-six perches, then partly, now wholly in the city of Harrisburg. By mesne conveyances and devises the same became vested in the plaintiff, less certain parts thereof which had been sold from time to time. In the year 1868, Harrisburg was divided into nine wards, and the dividing line of the Second and Ninth wards passed through the said tract. In the year 1872, Mulberry street was opened and fenced through said tract, on the said dividing line of the Second and Ninth wards. The part of said tract lying in the Second ward has for many years been assessed for taxation by itself, by the proper officer of the ward, and the part lying in the Ninth ward has for many years been assessed by itself by the assessor of that ward.

" That the portion of the land described in plaintiff's statement, shown in red color on the map, is not included in the deed first above mentioned from A. Boyd Hamilton to Alex. Hamilton, but was conveyed by the Philadelphia and Reading Railroad Company to Alex. and T. A. Hamilton, by deed dated February 12, 1870. That by certain mesne conveyances and devises the same is now vested in the plaintiff. That the said whole tract of land (except said part shown in red on the map), is now held by one and the same title and has been so held since 1838.

" That said tract of land has never been physically divided, except as far as the dividing line of the Second and Ninth wards and Mulberry street, running through the same, and fenced, would constitute a division.

" That the land described in plaintiff's statement in this cause is composed of that part of said tract on the north side of Mulberry street, together with a part of the land conveyed by the Philadelphia and Reading Railroad Company, to plaintiff's predecessors in title. The location and amount of each being

shown on the map as aforesaid. That the ordinances Nos. 266 and 322, file of select council (hereto attached), were duly enacted.

" That claiming to act under and by virtue of said ordinances, the city took possession of part of the ground aforesaid, to wit: Forty feet in width of the part immediately abutting on the south side of Mulberry street, and five hundred and eighty-nine feet in length, and agreed with A. Boyd Hamilton, one of the devisees of plaintiff's decedent and attorney in fact for plaintiff, to pay to the plaintiff the sum of $5,250 therefor, which agreement was concluded January 26, 1891, the terms of which are set forth in the city solicitor's report of said agreement hereto attached.

" That an action of assumpsit was brought by the plaintiff to this cause on said agreement to No. 178, March term, 1891, in this court, and judgment was obtained thereon against the city, and the amount of said judgment, $5,250 and interest thereon, was duly paid to this plaintiff.

" That in accordance with ordinance No. 1103, file of common council, hereto attached, the city built on Mulberry street an overhead bridge with side approach on the strip of ground so appropriated and paid for.

" That in May, 1890, the city let a contract to Dean & Westbrook to build the said bridge with side approach as one structure for a fixed sum.

" The work on said bridge and approach was begun in May, 1890, and the whole structure was almost entirely completed on January 26, 1891, at which time the agreement for the payment of the $5,250 aforesaid was concluded.

" The use to which the said ground so appropriated and paid for by the city was to be put was known to A. Boyd Hamilton, attorney in fact for plaintiff, and one of the devisees of plaintiff's decedent, who conducted the negotiations and made the agreement for the payment of five thousand two hundred and fifty dollars for the land taken as aforesaid.

" If the court should be of the opinion that the plaintiff is not by reason of the agreement and settlement made on the 26th day of January, 1891, as hereinbefore set forth, estopped and precluded from recovering in this case, then judgment to be entered in favor of the plaintiff for the sum of one thousand

dollars. But if of the opinion that the aforesaid settlement does estop the plaintiff from recovering, then judgment to be entered in favor of the defendant; either party to have the right to take an appeal to the Supreme Court."

The ordinance of Jan 20, 1890, was entitled:

" An ordinance to abolish and avoid grade crossings by the erection of an overhead bridge covering the tracks of the Lebanon Valley Railroad Company, on the line of Mulberry street, and to extend said overhead bridge to the intersection of Crescent street, in the city of Harrisburg, to provide the means therefor, and to vacate the surface of Mulberry street between the lines of the right of way of the said Lebanon Valley Railroad Company."

The ordinance No. 266, of March 10, 1890, was as follows:

" An ordinance widening Mulberry street, from Cameron street to the Pennsylvania railroad, for street purposes and for an overhead bridge with a side approach.

" Section 1. That Mulberry street be widened from the eastern line of the right of way of the Lebanon Valley Railroad Company to the western line of Cameron street to 100 feet.

" Section 2. That the city engineer shall place upon the official map of the city Mulberry street with its lines in conformity with this ordinance."

The ordinance No. 322, of Oct. 10, 1890, was as follows:

" An ordinance authorizing the opening of Mulberry street to its full width of one hundred feet between the eastern boundary line of the property of the Lebanon Valley Company and the western line of Cameron street.

" Whereas, The city engineer, in compliance with ordinance No. 266, file of select council, approved March 10, 1890, has marked upon the official map of the city, Mulberry street, from the eastern line of the right of way of the Lebanon Valley Railroad Company to the western line of Cameron street, one hundred feet in width, for the purposes of an overhead bridge with a side approach ; therefore,

" Section 1. That the city solicitor be and he is hereby directed to take proceedings to have Mulberry street, from the eastern line of the right of way of the city, legally opened ; and for this purpose he is authorized, subject to the approval of councils, to agree with the property owners abutting thereon,

upon compensation proper for the damages to be done or caused by the opening of said street, as herein authorized.

"Section 2. In case the city solicitor, on behalf of the city, and the property owners along the said Mulberry street, cannot agree upon the amount of compensation proper to be paid, or councils subsequently fail or refuse to confirm any such agreement, or do reject the same, and city solicitor may (if the property owners do not) apply to the proper court for the appointment of viewers to assess the damages according to law.

"Section 3. That the commissioner of highways be and is hereby instructed (as soon as the damages mentioned in the first and second sections of this ordinance are properly adjusted) to cause all obstructions now on the bed of said Mulberry street to be removed, in order that the said street may be placed in proper order and condition."

The city solicitor's report to councils, made a part of the case stated, was in part as follows:

"By ordinance No. 322, of the file of select council, approved October 10, 1890, the city solicitor was authorized, subject to the approval of councils, to agree with the property owners affected by the widening of Mulberry street, upon the compensation proper for the damages done or caused thereby.

"The city has taken for the purpose aforesaid from the estate of Margaret H. McAllister, deceased, a piece of ground forty (40) feet in width extending from Cameron street, five hundred and eighty-nine feet (589) to the eastern line of the property of the Lebanon Valley Railroad Company, being contiguous to the southern line of Mulberry street, as designated on the official map of the city before said widening.

"I have had several conferences with the agent of said decedent, and we finally agreed upon the following statement:

| | | |
|---|---|---|
| For the land appropriated by the city. | . | $5,183 20 |
| For the sheds, floors, fences, etc. | . . . | 66 80 |
| Total . . . . . | | 5,250 00 |

"The settlement for the land is at the rate of twenty-two (22) cents per square foot."

The opinion of the court below was as follows by SIMON-TON, P. J.:

"We find nothing in the case stated which tends to show

that the damages claimed in this case were settled for, or in the contemplation of the parties in making the agreement upon which judgment was recovered as set forth in the case stated, in 178 March term, 1891, and we therefore see no legal reason why there may not be recovery in this case. As suggested by counsel on the argument, even if the matters here claimed might have been included in the agreement and former action, if the parties had so desired, they were not so included in fact; and the claim was made by the action of both parties, severed and made a separate claim. The report of the city solicitor, which is made part of the case stated, shows that the agreement upon which the former action was brought was definitely concerned with the purchase and sale of a piece of ground forty feet in width and five hundred and eighty feet in length, contiguous to the southern line of Mulberry street, and nothing whatever is said therein as to the damages to the remaining property of the plaintiff, even on the south side of Mulberry street, resulting from the erection of the bridge; and while the agreement would probably preclude any claim for damages on the tract on the south side of the bridge, from which the strip in question was sold, we are unable to see how it could be construed to affect the right to claim damages for such erection to the land on the north side of the bridge and of Mulberry street, as originally laid out. Therefore without further elaboration, as we are, in the language of the case stated, 'of the opinion that the plaintiff is not by reason of the agreement and the settlement made on January 26th, 1891, as set forth in the case stated, estopped and precluded from recovering in this case,' judgment is directed to be entered in favor of the plaintiff for the sum of one thousand dollars."

Defendant appealed.

*Error assigned* was entering of judgment as above.

*Wm. H. Middleton*, city solicitor, for appellant.—The settlement made was conclusive of all damages, actual or consequential, caused by the act of the city.

An agreement between a landowner and a railroad company to sell the latter a right of way across the premises of the former covers all damages of whatever sort suffered by the land-

owner, for which he is entitled to compensation, unless the right to recover extra compensation is expressly reserved : North & West Branch Ry. v. Swank, 105 Pa. 555 ; Updegrove v. R. R., 132 Pa. 540; Hoffeditz v. R. R. Co., 129 Pa. 264.

In a proceeding to recover damages caused by the opening and grading of a street, the party must submit his whole claim, embracing consequential as well as direct injuries: Jones v. Borough, 144 Pa. 638 ; Pusey v. Allegheny, 98 Pa. 522; Potts v. R. R., 119 Pa. 278.

In this case the injury was done at the same time, by the same party, by the same act, to land on both sides of a street, held by one owner by one and the same title, and if no settlement had been made, but one cause of action would have arisen : Wilson v. Hamilton, 9 S. & R. 424 ; Damages by Corporations, by Harris, vol. 1, p. 57.

*Edwin W. Jackson, Levi B. Alricks* with him, for appellee.— The money paid to plaintiff was understood by both parties to be merely compensation for land taken to widen Mulberry street.

No question as to damages to be caused to any land by the erection of a bridge entered into the mind of any party to the negotiation.

The plaintiff has never executed any release or done any act or thing which creates any analogy between the case in hand and Updegrove v. R. R., and the other cases cited by appellant.

When the meaning of the enacting part of a statute is free and clear from ambiguity, it cannot be controlled with either enlarging or restraining effect by the preamble : Endlich, Interp. St. § 64.   The doctrine touching the effect to be given to the title of a statute is the same : Ib. § 58.

PER CURIAM, July 19, 1893 :

In the court below, this was a case stated on which judgment was there entered in favor of the plaintiff for one thousand dollars.   The corporation defendant appealed to this court. The six justices before whom said appeal was argued being equally divided in opinion, the judgment of the court of common pleas stands affirmed.